ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| CANÓVANAS MEDICAL CENTER<br>RECURRENTE<br><br>v.<br><br>DEPARTAMENTO DE SALUD, SECRETARIA AUXILIAR PARA LA REGLAMENTACIÓN DE LA SALUD PÚBLICA (SARSP)<br>RECURRIDO<br><br>v.<br><br>COSTA ESTE MEDICAL SERVICES, CORP.<br>PROPONENTE/PARTE INDISPENSABLE | TA2026RA00282 | Revisión Administrativa procedente del Departamento de Salud<br><br>Propuesta Núm: 25-04-017 (VLT)<br><br>Sobre: Solicitud de Certificado de Necesidad y Conveniencia para Establecer un Centro de Diagnóstico y Tratamiento en: Plaza Rial Mall, carr. 185, km. 0.9, locales 5B, 6A, 6B y 7A, Canóvanas, Puerto Rico |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez y la Jueza Boria Vizcarrondo

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de junio de 2026.

Comparece ante esta Curia, Canóvanas Medical Center (Canóvanas Medical o Recurrente) mediante el presente *Recurso de Revisión.* Allí, solicita que revoquemos la *Resolución* que la División de Vistas Administrativas de la Oficina de Asesoramiento Legal del Departamento de Salud (Departamento o Recurrido) notificó, el 29 de abril de 2026. Mediante el referido dictamen, el Departamento otorgó un Certificado de Necesidad y Conveniencia (CNC) a Costa Este Medical Services, Corp. (Costa Este), permitiéndole establecer un Centro de Diagnóstico y Tratamiento (CDT) en el Municipio de Canóvanas, Puerto Rico.

Por los fundamentos que expondremos a continuación desestimamos el recurso de epígrafe por falta de jurisdicción.

**I.**

La causa de epígrafe se originó, el 29 de abril de 2025, cuando Costa Este instó, ante la Secretaría Auxiliar para la Regulación de la Salud Pública (SARSP), la solicitud del CNC objeto de este recurso. Lo antes, con el fin de establecer un CDT en los locales 5B, 6A, 6B y 7A de Plaza Rial Mall, en el Municipio de Canóvanas. Tras la SARSP identificar una sola parte afectada dentro del área de servicio, y publicado el edicto requerido por ley, el 30 de mayo de 2025, Canóvanas Medical se opuso por escrito al CDT propuesto.

El 24 de febrero de 2026, el Departamento celebró la vista pública sobre la solicitud de Costa Este. Luego de escuchar las ponencias presentadas, junto a la prueba documental y pericial desfilada, el Oficial Examinador rindió el *Informe del Oficial Examinador*, el 28 de abril de 2026. En su informe, recomendó otorgar el CNC a favor de Costa Este, por un término de vigencia que no exceda de seis (6) meses. Acto seguido, el Departamento promulgó la *Resolución* objeto de revisión judicial, notificada el 29 de abril de 2026. En ella, acogió las determinaciones de hecho y las conclusiones de derecho del Oficial Examinador, y otorgó a favor de Costa Este el CNC solicitado, con vigencia de un (1) año.

Según se desprende del volante de notificación, el Departamento apercibió a Canóvanas Medical, como parte adversamente afectada, que tiene treinta (30) días para impugnar dicho dictamen mediante la presentación de una querella en contra del Departamento. Advirtió, además, que tiene derecho a la celebración de una vista adjudicativa, a tenor de la Ley Núm. 38-2017, conocida como la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU) y del Reglamento de Procedimientos Adjudicativos y de Reglamentación en el Departamento de Salud, Reglamento Núm. 9321 de 29 de octubre de 2021.

De conformidad, el 28 de mayo de 2026, Canóvanas Medical instó ante el Departamento la Querella Núm. Q-26-05-019.

Análogamente, el Municipio Autónomo de Canóvanas (Municipio) promulgó la Querella Núm. Q-26-05-020 ante el Departamento, en calidad de dueño del Centro de Diagnóstico y Tratamiento de Canóvanas. Coetáneo con lo anterior, Canóvanas Medical también acude ante esta Curia mediante el presente *Recurso de Revisión,* a través del cual, imputa al Departamento la comisión de los siguientes errores:

> Erró el Secretario de Salud, Hon. Víctor Ramos Otero, al otorgar el Certificado de Necesidad y Conveniencia solicitado por Costa Este para establecer un CDT, a pesar de que dicha propuesta no cumplía con el requisito poblacional de un (1) CDT por cada veinticinco mil (25,000) habitantes en un municipio, según expresamente requerido por el Art. VII (3)(ii) del Reglamento Núm. 9084.

> Erró el Secretario de Salud, Hon. Víctor Ramos Otero, al apartarse de la interpretación oficial del Departamento de Salud sobre el Art. VII (3)(ii) del Reglamento Núm. 9084, violentando así el debido proceso de ley de Canóvanas Medical.

> Erró el Secretario de Salud, Hon. Víctor Ramos Otero, al apartarse, sin justificación jurídica alguna, del análisis del Art. VII (3)(ii) del Reglamento Núm. 9084 efectuado por los dos oficiales examinadores que atendieron la primera solicitud de Costa Este.

> Erró el Secretario de Salud, Hon. Víctor Ramos Otero, al otorgar el Certificado de Necesidad y Conveniencia solicitado por Costa Este, pues su animosidad y prejuicio contra el presidente y único accionista de Canóvanas Medical constituyó una violación al debido proceso de ley de la Parte Recurrente, al privarle de un juzgador imparcial, conforme exige la jurisprudencia aplicable.

En reacción, el 29 de mayo de 2026, el Municipio comparece ante esta Curia mediante una *Moción Exponiendo Posición del Municipio de Canóvanas Respecto al Recurso de Revisión.* Lo antes, con el objetivo de respaldar los argumentos que plantea Canóvanas Medical en su recurso. En particular, expone que se cumplen los requisitos que justifican preterir el agotamiento de los remedios administrativos y que, a tenor del *Reglamento del Secretario de Salud para Regir el Otorgamiento de Certificados de Necesidad y Conveniencia,* Reglamento Núm. 9084, aprobado el 17 de mayo de 2019, procede dejar sin efecto el CNC otorgado a Costa Este.

El 1 de junio de 2026, emitimos una *Resolución* en la cual concedimos a las otras partes un término para instar su correspondiente alegato en oposición. Pendiente lo anterior,

Canóvanas Medical insta una *Solicitud de Orden en Auxilio de Jurisdicción* con el fin de que paralicemos los efectos del CNC otorgado a favor de Costa Este. Sustenta su petitorio en que presuntamente tiene una alta probabilidad de prevalecer en los méritos; que sufrirá un daño irreparable de no paralizarse inmediatamente los efectos del CNC; y que la paralización no perjudica el interés público, ni causará un daño sustancial a Costa Este o a las demás partes.

Seguidamente, el 2 de junio de 2026, Costa Este presenta una moción dispositiva y en ella argumenta que esta Curia carece de jurisdicción para atender el recurso de epígrafe, al amparo de la doctrina de agotamiento de remedios administrativos. De forma separada, solicita el desglose de la *Moción Exponiendo Posición del Municipio de Canóvanas Respecto al Recurso de Revisión* por entender que, en ella, el Municipio amplía lo argumentado por Canóvanas Medical, formula señalamientos de error distintos y solicita remedios afirmativos propios. Mediante un escrito independiente, se opone a la solicitud en auxilio de jurisdicción bajo el fundamento de que no se cumplen los criterios para conceder dicho remedio excepcional.

Tras denegar la solicitud en auxilio de jurisdicción, concedimos un término a las demás partes para expresarse en torno a la moción dispositiva. Cumplido lo anterior, concedimos a todas las partes hasta el 17 de junio de 2026 para exponer sus posturas en torno a la aplicabilidad y alcance sobre la causa instada, de las disposiciones del Artículo 15 de la Ley Núm. 2 de 7 de noviembre de 1975, según enmendada, conocida como la Ley de Certificados de Necesidad y Conveniencia (Ley Núm. 2), 24 LPRA sec. 334 *et seq.*

A esos efectos, el Departamento comparece y expone que la *Resolución* que otorga el CNC a favor de Costa Este no es un dictamen final susceptible de revisión judicial, por lo cual, esta Curia carece de jurisdicción por tratarse de un recurso prematuro. Resalta que el dictamen cuestionado es de naturaleza interlocutoria

porque resulta de la celebración de una vista pública y no de un procedimiento adjudicativo. Añade que, el Artículo 15 de la Ley Núm. 2, *supra,* aplica únicamente a pronunciamientos finales del Departamento, luego de agotar el trámite administrativo aplicable y celebrada la vista adjudicativa. Resalta que, conforme a las secciones 3.14 y 5.4 de la LPAU, 3 LPRA secs. 9654 y 9684, Canóvanas Medical tiene derecho a acudir en revisión judicial luego de agotar el procedimiento adjudicativo ante el Departamento.

En su comparecencia, Costa Este reitera lo argumentado por el Departamento y añade que, el proceso regulado por la Ley Núm. 2, *supra,* no desplaza el procedimiento impugnatorio que establece el Reglamento Núm. 9084 y que inicia con posterioridad a la vista pública, mediante la presentación de una querella. Separadamente, insta su alegato oponiéndose a la expedición del recurso de revisión. Insiste en la prematuridad del recurso y en la falta de agotamiento de los remedios administrativos, entre otros.

Mientras, Canóvanas Medical y el Municipio discuten en sus respectivas comparecencias que, a pesar de que el Departamento no apercibió adecuadamente en la notificación de su dictamen los mecanismos de revisión disponibles, posteriores a la presentación de la querella administrativa, ello no puede operar en perjuicio de Canóvanas Medical, a tenor de lo resuelto en *PR Eco Park et al v. Mun de Yauco,* 202 DPR 525 (2019). Máxime, cuando Canóvanas Medical actuó diligentemente, al presentar la querella ante el Departamento y, al día siguiente, el recurso de revisión ante esta Curia. Sobre tales bases, solicitan que asumamos jurisdicción sobre la causa de epígrafe; que revoquemos el CNC objeto de revisión; que relevemos a Canóvanas Medical de agotar los remedios administrativos; y que deneguemos el petitorio de desestimación.

Con el beneficio de las posturas de las partes, resolvemos.

**II.**

### A. La jurisdicción

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Friger Salgueiro v. Mech-Tech College, LLC y otros,* 2026 TSPR 30, resuelto el 20 de marzo de 2026. Es por ello, que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank,* 204 DPR 374, 385 (2020). Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *R&B Power, Inc. v. Junta de Subastas ASG,* 213 DPR 685 (2024). Ello, pues los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción, así como la del foro de donde procede el recurso ante su consideración. *Mun. Aguada v. W. Const. y Recovery Finance,* 214 DPR 432 (2024).

En ese sentido, en reiteradas ocasiones el Tribunal Supremo ha expresado que, los tribunales tenemos el deber de proteger nuestra jurisdicción, sin poseer discreción para asumirla donde no la hay. *Greene y otros v. Biase y otros,* 2025 TSPR 83, resuelto el 21 de agosto de 2025. A esos efectos, las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con preferencia. *Íd.* A causa de ello, al cuestionarse la jurisdicción de un tribunal por alguna de las partes o, incluso, cuando no haya sido planteado por éstas, dicho foro examinará y evaluará, con rigurosidad, el asunto jurisdiccional como parte de su deber ministerial, pues este incide directamente sobre el poder mismo para adjudicar una controversia. *Mun. Aguada v. W. Const. y Recovery Finance,* supra.

Como se sabe, un recurso prematuro es aquel que ocurre antes de tiempo, por haber sido instado con relación a una controversia que no ha sido finalmente resuelta. *Yumac Home v. Empresas Massó,* 194 DPR 96, 107 (2015). Mientras que, un recurso

tardío es aquel presentado fuera del término provisto para revisarlo. *Íd.* El efecto de ambos es que, el tribunal al cual se recurre está privado de jurisdicción para atenderlos. *Pueblo v. Rivera Ortiz,* 209 DPR 402 (2022). Ello, pues su presentación carece de eficacia y no produce ningún efecto jurídico, ya que en ese momento todavía no ha nacido autoridad judicial o administrativa para acogerlo. *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 503 (2019). De ese modo, si el tribunal no tiene jurisdicción, solo resta declararlo así y desestimar la reclamación, sin entrar en los méritos de la controversia. *Mun. Aguada v. W. Const. y Recovery Finance*, supra. Es decir, procede la inmediata desestimación del recurso apelativo, según lo dispuesto en las leyes y los reglamentos para el perfeccionamiento de estos recursos. *Allied Mgmt. Group v. Oriental Bank,* supra.

A esos efectos, la Regla 83(C) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, faculta al foro apelativo a actuar por iniciativa propia para desestimar un recurso apelativo ante la ausencia de jurisdicción. La falta de jurisdicción es un defecto que no puede ser subsanado. *PR Eco Park et al. v. Mun. de Yauco,* 202 DPR 525, 538 (nota 26) (2019). Cabe señalar, sin embargo, que "la desestimación de un recurso por prematuro le permite a la parte que recurre volver a presentarlo, una vez el foro apelado resuelve lo que estaba ante su consideración". *Íd.*, (nota 25), citando a *Yumac Home v. Empresas Massó,* supra.

### B. La revisión judicial y la notificación

La Sección 4.1 de la LPAU, 3 LPRA sec. 9671, dispone que las decisiones administrativas pueden ser revisadas por el Tribunal de Apelaciones. Ahora bien, en el ejercicio de tal facultad, el foro apelativo está obligado a ser deferente a las determinaciones de los organismos administrativos en consideración a la experiencia y al conocimiento especializado que estas poseen sobre los asuntos que le fueron delegados. *Katiria´s Café, Inc. v. Municipio Autónomo de San*

*Juan,* 2025 TSPR 33, resuelto el 27 de marzo de 2025. Al mismo tiempo, esta facultad revisora delimita la discreción de los organismos administrativos a modo de asegurar que estos ejerzan sus funciones dentro de los márgenes de las facultades que le fueron delegadas por ley. *Ramos Sánchez v. Banco Popular de Puerto Rico h/n/c/ Popular Mortgage y otros,* 2026 TSPR 63, resuelto el 10 de junio de 2026. Por último, permite a los foros judiciales velar porque los entes administrativos den cumplimiento a los mandatos constitucionales, en especial, al debido proceso de ley. *Voilí Voilá Corp. et al. v. Mun. Guaynabo,* 213 DPR 743 (2024).

Atinente a la reconsideración, la Sección 3.15 de la LPAU, 3 LPRA sec. 9655, establece que:

> [l]a parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. Tal resolución deberá ser emitida y archivada en autos dentro de los noventa (90) días siguientes a la radicación de la moción de reconsideración. Si la agencia acoge la moción de reconsideración pero deja de tornar alguna acción con relación a la moción dentro de los noventa (90) días de ésta haber sido radicada, perderá jurisdicción sobre la misma y el término para solicitar la revisión judicial empezará a contarse a partir de la expiración de dicho término de noventa (90) días salvo que la agencia, por justa causa y dentro de esos noventa (90) días, prorrogue el término para resolver por un período que no excederá de treinta (30) días adicionales.

> Si la fecha de archivo en autos de copia de la notificación de la orden o resolución es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo ordinario.

A esos efectos, una parte adversamente afectada por una orden o resolución final emitida por una agencia administrativa puede cuestionarla mediante un recurso de revisión judicial, luego

de agotar los remedios provistos por el organismo correspondiente. Véase, la Sección 4.2 de la LPAU, 3 LPRA sec. 9672; *Ramos Sánchez v. Banco Popular de Puerto Rico h/n/c/ Popular Mortgage y otros,* supra. Además, a tenor de la Sección 3.14 de la LPAU, *supra,* el dictamen final del ente administrativo sujeto a revisión judicial ha de contener la advertencia sobre el derecho a solicitar reconsideración o revisión judicial, adicional a las determinaciones de hechos y a las conclusiones de derecho. *Katiria's Café, Inc. v. Municipio Autónomo de San Juan, supra.* En particular, el término para incoar una solicitud de revisión judicial es de treinta (30) días, contados a partir de la notificación del dictamen final del organismo administrativo, o a partir de la fecha aplicable que establezca la Sección 3.15 de la LPAU, 3 LPRA sec. 9655, cuando el plazo haya quedado interrumpido ante una oportuna moción de reconsideración. *Tricoche Matos y otra v. Luis Freire Div. of K.M.A. Associates of PR, Inc.,* 2025 TSPR 92, resuelto el 1 de octubre de 2025.

De otra parte, resulta necesario destacar que la LPAU contempla una sección dedicada a las certificaciones expedidas por las agencias administrativas y en la Sección 5.4 dispone lo siguiente: "[t]oda persona a la que una agencia deniegue la concesión de una licencia, franquicia, permiso, endoso, autorización o gestión similar tendrá derecho a impugnar la determinación de la agencia por medio de un procedimiento adjudicativo, según se establezca en la ley especial de que se trate y en las secs. 9641 a 9661 de este título." 3 LPRA secs. 9684.

Además, mediante la Ley de Certificados de Necesidad y Conveniencia se establece lo siguiente en cuanto a los remedios disponibles después que se emite una certificación tras la celebración de una vista pública. El Artículo 15 dispone y citamos:

> [c]ualquier parte adversamente afectada por una determinación del Secretario, concediendo, denegando, revocando, suspendiendo o modificando un certificado de necesidad y conveniencia, **podrá solicitar la reconsideración de la decisión final del Secretario o**

**solicitar su revisión judicial** de acuerdo a y bajo los términos y condiciones que a esos fines disponga el Plan de Reorganización Núm. 1 de la Rama Judicial de Julio 28, 1994, según enmendado, conocido como "Ley de la Judicatura de Puerto Rico de 1994", y las secs. 9601 et seq. del Título 3, conocidas como "Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico". [...] (Énfasis suplido.) 24 LPRA sec. 334f-10.

### III.

A tenor con la normativa antes esbozada y como asunto prioritario, previo a evaluar los méritos del recurso de revisión ante nuestra consideración, debemos examinar si poseemos jurisdicción sobre la causa de epígrafe. A tales efectos, y luego de un examen sosegado de las posturas de las partes plasmadas en sus respectivos escritos en cumplimiento de orden constatamos que, la advertencia que el Departamento incluyó en la *Resolución* impugnada no constituye una notificación conforme a derecho.

En particular, observamos que, el Departamento hizo constar en la notificación de su dictamen que la parte adversamente afectada por su determinación podrá presentar una querella en contra del organismo administrativo y tendrá derecho a participar de una vista adjudicativa, conforme al Capítulo III de la LPAU y al Capítulo III del Reglamento Núm. 9321, *supra,* que dispone lo siguiente:

De estar usted interesado en revisar los autos de este asunto, podrá hacerlo en nuestras oficinas, previa notificación.

Se le advierte, además, que de conformidad con las disposiciones de la Ley Núm. 38 de 30 de junio de 2017, mejor conocida como *Ley de Procedimientos Administrativos Uniforme del Gobierno de Puerto Rico,* y el Reglamento 9321 del 29 de octubre de 2021, *Reglamento de Procedimientos Adjudicativos y de Reglamentación en el Departamento de Salud,* y el Reglamento Núm. 9084 para regir el otorgamiento de Certificados de Necesidad y Conveniencia a las partes les asisten los siguientes derechos, a saber:

Toda Parte que haya participado en la Vista - Pública celebrada y se vea adversamente afectada por la determinación del Secretario de Salud sobre una Solicitud de Certificado de Necesidad y Conveniencia (CNC) tendrá derecho a impugnar dicha determinación mediante la presentación de una Querella contra el Departamento de Salud y a la celebración de una Vista Adjudicativa conforme a las disposiciones del Capítulo III de la LPAUG y del Capítulo III del Reglamento de

Procedimientos Adjudicativos y Reglamentación en el Departamento de Salud, Reglamento Núm. 9321 del 29 de octubre de 2021, debidamente inscrito en el Departamento de Estado de Puerto Rico (Reglamento Núm. 9321.) La parte adversamente afectada tendrá treinta (30) días para presentar la querella en contra del Departamento de Salud.

Toda Querella presentada por una Parte que no sea el Proponente que presentó la Solicitud de CNC original deberá incluir a éste como parte indispensable en el proceso de querella y Vista Adjudicativa a celebrarse.

Si la fecha de archivo en autos de copia de la notificación de la orden o resolución es distinta a la fecha del depósito en el correo ordinario o del envío por medio electrónico de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo ordinario o del envío por medio electrónico, según corresponda.

Resulta evidente de lo anterior que, el Departamento omitió hacer referencia en su notificación a los remedios que la Ley de Certificados de Necesidad y Conveniencia ofrece a una parte que resultó adversamente afectada por su dictamen. En particular, la citada ley provee -sin informar los términos aplicables- para la reconsideración o la revisión judicial como remedios para cuestionar el pronunciamiento del Departamento. Como vemos, son mecanismos distintos a la querella y a la vista adjudicativa que el foro administrativo advirtió en su notificación. A modo ilustrativo, el Artículo 15 de la Ley de Certificados de Necesidad y Conveniencia, 24 LPRA sec. 334f-10, dispone:

[c]ualquier parte adversamente afectada por una determinación del Secretario, concediendo, denegando, revocando, suspendiendo o modificando un certificado de necesidad y conveniencia, **podrá solicitar la reconsideración de la decisión final del Secretario o solicitar su revisión judicial** de acuerdo a y bajo los términos y condiciones que a esos fines disponga el Plan de Reorganización Núm. 1 de la Rama Judicial de Julio 28, 1994, según enmendado, conocido como "Ley de la Judicatura de Puerto Rico de 1994", y las secs. 9601 et seq. del Título 3, conocidas como "Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico". [...] (Énfasis suplido.)

A su vez, la Sección 5.4 de la LPAU dispone que "[t]oda persona a la que una agencia deniegue la concesión de una licencia, franquicia, permiso, endoso, autorización o gestión similar tendrá derecho a impugnar la determinación de la agencia por medio de un

procedimiento adjudicativo, según se establezca en la ley especial de que se trate y en las secs. 9641 a 9661 de este título."

Mientras que, la LPAU en su Sección 4.2, *supra,* regula el término para solicitar revisión judicial ante el Tribunal de Apelaciones. A esos fines, en lo pertinente dispone:

> [u]na parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la sec. 9655 de este título, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. […]

La omisión del Departamento de advertir a las partes sobre los remedios para impugnar su dictamen, aparte de la presentación de la querella y el término correspondiente de treinta (30) días, crea una insuficiencia en la notificación y lacera el derecho de dicha parte a una revisión judicial conforme a derecho.

Recientemente en *RedMane Technology, LLC v. Departamento de Salud D2SOL, Inc. et als.,* 2026 TSPR 37, resuelto el 10 de abril de 2026, el Alto Foro catalogó de defectuosa y nula aquella notificación que carece del apercibimiento sobre el derecho de las partes a solicitar reconsideración ante el organismo administrativo y revisión judicial ante el Tribunal de Apelaciones, de los términos correspondientes y cuándo comienza a transcurrir el referido plazo. Si bien es cierto que el citado caso versa sobre notificaciones de adjudicación en procesos de licitación pública, entendemos que lo allí dictaminado es persuasivo y aplicable a la causa ante nos para determinar que la notificación administrativa resulta ser inoficiosa.

En consideración a lo antes resolvemos que, el Departamento omitió notificar de forma fehaciente sobre cuáles son los mecanismos que tiene disponibles para solicitar reconsideración y revisión judicial de la *Resolución* mediante la cual concedió a favor de Costa Este el CNC objeto de revisión, los términos

correspondientes, desde cuándo comienzan estos a cursar y la disposición legal que da base a tal remedio. Sin ello, la notificación no es final, válida y efectiva, no cumple con el debido proceso de ley, ni con el acceso fehaciente a la revisión judicial. Hasta tanto la notificación subsane las deficiencias señaladas, el plazo para acudir ante este Tribunal no ha comenzado a transcurrir.

A tono con lo aquí resuelto, la notificación del CNC objeto de este recurso no surte efecto jurídico alguno. El Departamento deberá emitir una nueva notificación, conforme a derecho, en la que se armonice y considere correctamente la ley especial, la LPAUG y el Reglamento aplicable, en aras de que se especifique en las advertencias a las partes todos los remedios, incluyendo la reconsideración, para impugnar el dictamen administrativo, el foro correspondiente, el plazo aplicable y la fecha que activa dicho término. Es preciso resaltar que, nuestra jurisdicción se limita a la revisión de la notificación, no a los méritos del recurso instado.

## IV.

Por los fundamentos expuestos, procede la desestimación del recurso de epígrafe, por otro fundamento. Devolvemos el presente asunto ante el Departamento a los fines de que emita una nueva notificación conforme a derecho.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones. La Jueza Mateu Meléndez disiente con opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| CANÓVANAS MEDICAL CENTER<br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE SALUD, SECRETARIA AUXILIAR PARA LA REGLAMENTACIÓN DE LA SALUD PÚBLICA (SARS)<br>Recurrido<br><br>v.<br><br>COSTA ESTE MEDICAL SERVICES, CORP.<br>Proponente/Parte Indispensable | TA2026RA00282 | Revisión Administrativa Procedente del Departamento de Salud<br><br>Propuesta Núm: 25-04-017 (VLT)<br><br><br>Sobre:<br>Solicitud de Certificado de Necesidad y Conveniencia para Establecer un Centro de Diagnóstico y Tratamiento en:<br>Plaza Rial Mall, Carr. 185, km. 0.9, locales 5B, 6ª, 6B y 7ª, Canóvanas, Puerto Rico |

**VOTO DISIDENTE DE LA JUEZA MATEU MELÉNDEZ**

En San Juan, Puerto Rico, a 30 de junio de 2026.

Ponderados los documentos que obran en autos, respetuosamente considero, que la mayoría incidió al desestimar el recurso de epígrafe y devolver el asunto ante el Departamento de Salud con el fin de que, debido la notificación defectuosa emitida en el caso por la agencia, esta emita una nueva notificación conforme a Derecho.

Es cierto que la lectura de las advertencias contenidas en la *Resolución* emitida y notificada el 29 de abril de 2026, revela con meridiana claridad que éstas no incluyeron todas las disposiciones pertinentes aplicables, particularmente aquellas establecidas por la Ley de Procedimientos Uniformes (LPAU) concernientes a la revisión judicial. Sin embargo, es mi parecer que las omisiones de la agencia no necesariamente impedían que este Tribunal de Apelaciones acogiera el recurso de epígrafe y lo atendiera en sus méritos. En contrario, su presentación debió evaluarse a la luz de la doctrina de incuria. Veamos.

La *Resolución* dictada por el Departamento de Salud notificó a la parte afectada que, al amparo del Capítulo III de la LPAU y el Reglamento de Procedimientos Adjudicativos y de Reglamentación en el Departamento de Salud, Reglamento Núm. 9231 del 29 de octubre de 2021, podía instar una querella y tener derecho a una vista adjudicativa. No obstante, la Ley de Certificados de Necesidad y Conveniencia, 24 LPRA Sec. 334, et seq., en su Artículo 15 dispone que "[c]ualquier parte adversamente afectada por una determinación del Secretario, concediendo, denegando, revocando, suspendiendo o modificando un certificado de necesidad y conveniencia, podrá solicitar la reconsideración de la decisión final del Secretario **o solicitar su revisión judicial** […]". (énfasis suplido). Ante el claro mandato de dicho estatuto, y por ser mecanismos distintos a los provistos por el Reglamento antes citado -la querella y el derecho a una vista adjudicativa, que fue lo que el foro administrativo solo advirtió en su notificación- procede la aplicación del Artículo 15 la Ley de Certificados de Necesidad y Conveniencia, *supra,* por lo cual nada impedía que Canóvanas Medical Center acudiera directamente ante este Tribunal de Apelaciones como hizo.

Ante este escenario, me resulta forzoso concluir y conforme surge del legajo apelativo, que, a pesar de las advertencias incompletas contenidas en la *Resolución* dictada en la causa de autos, Canóvanas Medical Center actuó diligentemente e instó <u>oportunamente</u> el recurso de revisión judicial de epígrafe en cumplimiento con las disposiciones de la Sección 4.2 de la LPAU, 3 LPRA Sec. 9672. Frente a su diligente actuación, opino, debimos acogerlo. Al final de cuentas, incluso en circunstancias en las que la notificación de la adjudicación contuvo deficiencias, nuestro Tribunal Supremo ha resuelto que, ante la ausencia de incuria, el foro ante el cual debe recurrirse- en este caso el Tribunal de Apelaciones- debe atender el recurso presentado y resolverlo en sus méritos. Véase *PR Eco Park et al. v. Mun. de Yauco*, 202 DPR 525, 540 (2019); *Horizon v. JTA. Revisora, RA Holdings,* 191 DPR 228 (2014); *Molini Gronau v. Corp. P.R. Dif. Pub.,* 179 DPR 674 (2010); *Comisión Ciudadanos v. G.P. Real Property,* 173 DPR 998 (2008); *IM*

*Winner, INc. v. Mun. de Guayanilla*, 151 DPR 30 (2000); y *Carabín et al. v. A.R.P.E.*, 132 DPR 938 (1993).

Por consiguiente, y a tenor con la jurisprudencia citada, debido a que no hubo incuria por parte de Canóvanas Medical Center, estimo que se debió atender el recurso en sus méritos en lugar de desestimarlo.

Por las razones que anteceden, respetuosamente disiento.


**Ana M. Mateu Meléndez**
**Jueza de Apelaciones**